JS 44   (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law,  except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a)  PLAINTIFFS
Louis N. Marks

### DEFENDANTS
SPX Corporation and CUES, Inc.

**(b)**  County of Residence of First Listed Plaintiff   Montgomery
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Mecklenburg
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)**  Attorneys *(Firm Name, Address, and Telephone Number)*
Jacqueline Joan Ryan, Esquire, Console Mattiacci Law, LLC
1525 Locust Street, 9th Floor, Philadelphia, PA 19102
215.545.7676

Attorneys *(If Known)*

## II.  BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1   U.S. Government Plaintiff
- ☒ 3   Federal Question  *(U.S. Government Not a Party)*
- ☐ 2   U.S. Government Defendant
- ☐ 4   Diversity  *(Indicate Citizenship of Parties in Item III)*

## III.  CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*  *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV.  NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY**    **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane    ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product    Product Liability |  |  | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | Liability    ☐ 367 Health Care/ |  | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel &    Pharmaceutical | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| & Enforcement of Judgment | Slander    Personal Injury | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers'    Product Liability | | ☐ 835 Patent - Abbreviated | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted | Liability    ☐ 368 Asbestos Personal | | New Drug Application | ☐ 470 Racketeer Influenced and |
| Student Loans | ☐ 340 Marine    Injury Product | | ☐ 840 Trademark | Corrupt Organizations |
| (Excludes Veterans) | ☐ 345 Marine Product    Liability | | **LABOR**     **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment | Liability    **PERSONAL PROPERTY** | | ☐ 710 Fair Labor Standards     ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| of Veteran's Benefits | ☐ 350 Motor Vehicle    ☐ 370 Other Fraud | | Act     ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle    ☐ 371 Truth in Lending | | ☐ 720 Labor/Management     ☐ 863 DIWC/DIWW (405(g)) | Exchange |
| ☐ 190 Other Contract | Product Liability    ☐ 380 Other Personal | | Relations     ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal    Property Damage | | ☐ 740 Railway Labor Act     ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 196 Franchise | Injury    ☐ 385 Property Damage | | ☐ 751 Family and Medical | ☐ 893 Environmental Matters |
| | ☐ 362 Personal Injury -    Product Liability | | Leave Act | ☐ 895 Freedom of Information |
| **REAL PROPERTY**     **CIVIL RIGHTS** | Medical Malpractice    **PRISONER PETITIONS** | | ☐ 790 Other Labor Litigation    **FEDERAL TAX SUITS** | Act |
| ☐ 210 Land Condemnation    ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 791 Employee Retirement     ☐ 870 Taxes (U.S. Plaintiff | ☐ 896 Arbitration |
| ☐ 220 Foreclosure    ☐ 441 Voting | ☐ 463 Alien Detainee | | Income Security Act     or Defendant) | ☐ 899 Administrative Procedure |
| ☐ 230 Rent Lease & Ejectment    ☒ 442 Employment | ☐ 510 Motions to Vacate | | ☐ 871 IRS—Third Party | Act/Review or Appeal of |
| ☐ 240 Torts to Land    ☐ 443 Housing/ | Sentence | | 26 USC 7609 | Agency Decision |
| ☐ 245 Tort Product Liability    Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of |
| ☐ 290 All Other Real Property    ☐ 445 Amer. w/Disabilities - | ☐ 535 Death Penalty | | **IMMIGRATION** | State Statutes |
| | Employment    **Other:** | | ☐ 462 Naturalization Application | |
| ☐ 446 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | ☐ 465 Other Immigration | |
| Other | ☐ 550 Civil Rights | | Actions | |
| ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee - | | | |
| | Conditions of | | | |
| | Confinement | | | |

## V.  ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1   Original Proceeding
- ☐ 2   Removed from State Court
- ☐ 3   Remanded from Appellate Court
- ☐ 4   Reinstated or Reopened
- ☐ 5   Transferred from Another District *(specify)*
- ☐ 6   Multidistrict Litigation - Transfer
- ☐ 8   Multidistrict Litigation - Direct File

## VI.  CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
29 U.S.C. §621, et seq. ("ADEA"); 43 P.S. §951, et seq. ("PHRA"), 43 P.S. §260.1 et seq. ("WPCL")
Brief description of cause:
Plaintiff brings this action for unlawful age discrimination and breach of contract.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**
In excess of $75,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND:    ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____    DOCKET NUMBER _____

DATE   10/06/2020

SIGNATURE OF ATTORNEY OF RECORD
/s/ Jacqueline Joan Ryan

**FOR OFFICE USE ONLY**

RECEIPT #  _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: ___Wynnewood, PA 19096___

Address of Defendant: ___16325 Ardrey Kell Road, Suite 400, Charlotte, NC 28277___

Place of Accident, Incident or Transaction: _____

---

*RELATED CASE, IF ANY:*

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes ☐  No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes ☐  No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes ☐  No ☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes ☐  No ☒

I certify that, to my knowledge, the within case ☐ is / ☐ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: ___10/6/2020___    ___/s/ Jacqueline Joan Ryan___    ___320640___
                          *Attorney-at-Law / Pro Se Plaintiff*        *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.**   *Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☒ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☐ 11. All other Federal Question Cases
     *(Please specify):* _____

**B.**   *Diversity Jurisdiction Cases:*

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify):* _____
☐ 7. Products Liability
☐ 8. Products Liability — Asbestos
☐ 9. All other Diversity Cases
     *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, ___Jacqueline Joan Ryan___, counsel of record *or pro se plaintiff*, do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☒ Relief other than monetary damages is sought.

DATE: ___10/6/2020___    ___/s/ Jacqueline Joan Ryan___    ___320640___
                          *Attorney-at-Law / Pro Se Plaintiff*        *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Louis N. Marks | : | CIVIL ACTION |
| v. | : | |
| SPX Corporation and CUES, Inc. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.          ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
and Human Services denying plaintiff Social Security Benefits.          ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
exposure to asbestos.          ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
commonly referred to as complex and that need special or intense management by
the court.  (See reverse side of this form for a detailed explanation of special
management cases.)          ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.     (X)

| | | |
|---|---|---|
| 10/6/2020 | /s/Jacqueline Joan Ryan | Louis N. Marks |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215.545.7676 | 215.689.4137 | jryan@consolelaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**(Civ. 660) 10/02**

**IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA**

---

| | | |
|---|---|---|
| **LOUIS N. MARKS** | : | |
| **Wynnewood, PA 19096** | : | **CIVIL ACTION NO.** |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **SPX CORPORATION** | : | |
| **6325 Ardrey Kell Road, Suite 400** | : | **JURY TRIAL DEMANDED** |
| **Charlotte, North Carolina 28277** | : | |
| | : | |
| **and** | : | |
| | : | |
| **CUES, Inc.** | : | |
| **3600 Rio Vista Avenue** | : | |
| **Orlando, Florida 32805** | : | |
| | : | |
| **Defendants.** | : | |

---

## COMPLAINT

### I.   INTRODUCTION

Plaintiff, Louis N. Marks, brings this action against his former employers, SPX Corporation ("Defendant SPX") and CUES, Inc. ("Defendant CUES") (collectively "Defendants").  Mr. Marks, a then seventy-four (74) year old attorney with decades of experience, was terminated because of his age.  Mr. Marks was replaced by a significantly younger employee.  After terminating Mr. Marks' employment, Defendants refused to honor his contractual right to six months severance pay.  Defendants' conduct constitutes a violation of the Age Discrimination in Employment Act, as amended, 29 U.S.C. §621, *et seq.* ("ADEA"), the Pennsylvania Human Relations Act, as amended, 43 P.S. §951, *et seq.*

("PHRA"), the Pennsylvania Wage Payment and Collection Law, 43 P.S. §260.1 *et seq.* ("WPCL"), and a breach of contract.

**II.    PARTIES**

1.      Plaintiff, Louis N. Marks, is an individual and a citizen of the Commonwealth of Pennsylvania.

2.      Plaintiff was seventy-four (74) years old at the time of his termination.

3.      Defendant SPX is a Delaware corporation with a principal place of business located at 6325 Ardrey Kell Road, Suite 400, Charlotte, North Carolina 28277.

4.      Defendant CUES is a Delaware corporation with a principal place of business located at 3600 Rio Vista Avenue, Orlando, Florida 32805.

5.      Defendant CUES is a wholly-owned and controlled subsidiary of Defendant SPX.

6.      Defendants are engaged in industries affecting interstate commerce and regularly do business in the Commonwealth of Pennsylvania.

7.      Defendants are registered and authorized to do business in the Commonwealth of Pennsylvania, with registered agents located in the Commonwealth of Pennsylvania for service of legal process.

8.      Defendant CUES maintains a place of business in Pennsylvania.

9.      Defendant CUES is a mere instrumentality of Defendant SPX, as such, Defendants share and exercise control over the work or working conditions of its employees.

10.     Defendant SPX is the "alter ego" of its controlled subsidiary Defendant CUES.

2

11.     Defendants are interconnected such that they are considered a "single" and/or "integrated" employer and/or enterprise.

12.     Defendants employed, and still currently employ, several individuals in the Commonwealth of Pennsylvania, including Plaintiff who was subjected to, impacted, and harmed by the discriminatory practice and unlawful acts alleged herein and giving rise to this action.

13.     Defendant SPX is subject to the personal jurisdiction of this Court because, *inter alia*, the case arises out of or relates to the contacts of SPX with the Commonwealth of Pennsylvania, the contacts of SPX are continuous and systematic such that SPX is at home here, and/or SPX has consented to personal jurisdiction by registering to do business in the Commonwealth of Pennsylvania with a registered agent for service of process.

14.     Defendant CUES is subject to the personal jurisdiction of this Court because, *inter alia*, the case arises out of or relates to the contacts of CUES with the Commonwealth of Pennsylvania, the contacts of CUES are continuous and systematic such that CUES is at home here, and/or CUES has consented to personal jurisdiction by registering to do business in the Commonwealth of Pennsylvania with a registered agent for service of process.

15.     At all times material hereto, Defendants employed more than twenty (20) employees.

16.     At all times material hereto, Defendants acted by and through their authorized agents, servants, workmen, and/or employees acting within the course and scope of their employment with Defendants and in furtherance of Defendants' business.

17.     At all times material hereto, Defendants acted as employers within the

meaning of the statutes which form the basis of this matter.

18.     At all times material hereto, Plaintiff was an employee of Defendants within the meaning of the statutes which form the basis of this matter.

### III.   JURISDICTION AND VENUE

19.     The causes of action which form the basis of this matter arise under the ADEA, the PHRA, the WPCL and from a breach of contract.

20.     The District Court has jurisdiction over Count I (ADEA) pursuant to 29 U.S.C. §626(c) and 28 U.S.C. §1331.

21.     The District Court has jurisdiction over all counts pursuant to 28 U.S.C. § 1332 since the amount in controversy in the present action exceeds the sum or value of seventy five thousand dollars ($75,000), exclusive of interests and costs, and where there exists complete diversity of citizenship, as Plaintiff is a citizen of the Commonwealth of Pennsylvania and Defendants are not citizens of the Commonwealth of Pennsylvania.

22.     The District Court has jurisdiction over Count II (PHRA) pursuant to 28 U.S.C. §1367.

23.     The District Court has jurisdiction over Count III (Breach of Contract) pursuant to 28 U.S.C. §1367.

24.     The District Court has jurisdiction over Count IV (WPCL) pursuant to 28 U.S.C. §1367.

25.     Venue is proper in the District Court under 28 U.S.C. §1391(b).

26.     On or about September 27, 2019, Plaintiff filed a Complaint of Discrimination with the Pennsylvania Human Relations Commission ("PHRC"), complaining of acts of discrimination alleged herein.  This Complaint was cross-filed with

the Equal Employment Opportunity Commission ("EEOC"). Attached hereto, incorporated herein and marked as Exhibit "1" is a true and correct copy of the PHRC Complaint of Discrimination (with personal identifying information redacted).

27.     More than three hundred and sixty-five (365) days have passed from the day Plaintiff filed his Complaint of Discrimination with the PHRC.

28.     Therefore, Plaintiff has fully complied with all administrative prerequisites for the commencement of this action.

## IV.     **FACTUAL ALLEGATIONS**

29.     Plaintiff was hired by Defendant CUES, on or about January 1, 2016 as its Vice President and General Counsel.

30.     Prior to being hired by Defendant CUES, Plaintiff worked consistently as outside counsel for Defendant CUES from in or about January 2010.

31.     Plaintiff consistently performed his job duties in a highly competent manner and received positive feedback.

32.     Plaintiff was born on October 3, 1944. He was seventy-four (74) years old at the time of his termination.

33.     Plaintiff worked out of his home office in Wynnewood, Pennsylvania.

34.     Plaintiff reported to Alexander Milley (67[1]) ("Milley"), President and Chief Executive Officer of Defendant CUES.

35.     In or around June 2018, Defendant CUES was purchased by Defendant SPX.

36.     To Plaintiff's knowledge and belief, he was the oldest employee of

---

[1] All ages herein are to the best of Plaintiff's knowledge and belief.

Defendant CUES.

37.     Defendants SPX and CUES excluded Plaintiff from certain communications and meetings related to his job.

38.     Milley told Plaintiff that he wanted to be a witness if and when Defendant SPX terminated Plaintiff's employment because Plaintiff would have "one hell of an age discrimination case."

39.     In January 2019, Defendants failed to give Plaintiff a salary increase despite his outstanding performance.

40.     Milley apologized to Plaintiff that he was not given a salary increase as other employees with outstanding performance reviews received salary increases.

41.     Plaintiff was not given a salary increase because of his age.

42.     Milley routinely told Plaintiff that he was performing at an "exceptionally high level" and doing an "outstanding job."

43.     On or about July 12, 2019, on a phone call with John Swann ("Swann") (48), President of Weil-McLain, Marley Engineered Products and Radiodetection, and Candie Russell ("Russell") (45), Vice President, Human Resources, Defendants terminated Plaintiff's employment effective immediately.

44.     Swann's stated reason for Plaintiff's termination was that his position did not "fit structurally" within the business.

45.     Swann stated that Milley was not part of the phone call because Milley disagreed with the decision to terminate Plaintiff's employment.

46.     Defendants' stated reason for terminating Plaintiff's employment is pretext.

47.     Defendants terminated Plaintiff's employment because of his age.

48.     Before the termination meeting, Plaintiff had no indication that his job was in jeopardy or that his employment would be terminated.

49.     To the best of Plaintiff's knowledge and belief, he was the only employee at Defendants that was terminated on July 12, 2019.

50.     To the best of Plaintiff's knowledge and belief, all other employees of Defendants were retained, all of whom, upon Plaintiff's knowledge and belief, are younger, if not substantially younger, than Plaintiff.

51.     Defendant failed to provide Plaintiff with any explanation, including the criteria, as to how his position did not "fit structurally" within Defendants' business and why younger employees were retained.

52.     Plaintiff had no opportunity or option to remain employed with Defendants.

53.     Plaintiff had no performance or disciplinary issues at any time throughout his employment with Defendants.

54.     On or about July 12, 2019, following Plaintiff's termination, on a phone call with Milley, Plaintiff asked Milley what was going on.  Milley sounded as though he was very upset and stated that he was concerned about Plaintiff, that he felt "dirty," that he would "take care of [Plaintiff]," and that he was sad that they would not be working together any longer.

55.     Milley told Plaintiff that he was against the decision to terminate Plaintiff's employment, that he was not allowed to call Plaintiff to warn him before the termination meeting, and that he was told that Plaintiff would be terminated despite his objection.

56.     Milley stated that Plaintiff's termination was disruptive to Defendant CUES, that executives and employees liked and respected Plaintiff and his work, and that

Plaintiff had improved Defendant CUES' business.

57.     On July 12, 2019, following Plaintiff's termination, Defendants sent out a letter, signed by John Nurkin (48), Vice President, General Counsel and Secretary of Defendant SPX, entitled "Organizational Announcement – Legal Team," stating the following: "[W]e are making some changes within our Legal function to reflect SPX's legal service operating model.  Effective today, John Armstrong (Sr. Business Counsel) will provide legal support for CUES…This change will allow CUES to receive dedicated legal support will also benefitting from the SPX Legal Team's initiatives to streamline processes and leverage best practices across SPX…John will be an asset in assisting CUES. John first joined the SPX Legal Team in August 2017….In the weeks ahead, John will be working with [Alexander] Milley and the CUES team to transition into his expanded role."

58.     Defendants replaced Plaintiff with John Armstrong (45), Senior Business Counsel.

59.     Plaintiff was more qualified and experienced to perform his job duties than the substantially younger employee with whom Defendants replaced him.

60.     After Plaintiff's employment was terminated, Milley told Plaintiff that, in his opinion, Plaintiff had "one hell of an age discrimination case."

61.     Plaintiff's age was a motivating and/or determinative factor in connection with Defendants' discriminatory treatment of Plaintiff, including terminating Plaintiff's employment.

62.     Defendants have also refused to honor their contract with Plaintiff for six (6) months of severance pay.

63.     Plaintiff is entitled to six (6) months of severance because in or about

January or February of 2018, Milley, on behalf of Defendant CUES, informed Plaintiff that in exchange for Plaintiff's continued employment, Plaintiff would receive six (6) months of severance pay in the event that his employment was terminated. Plaintiff accepted this offer.

64.     Despite the contract, Defendants have refused to pay Plaintiff severance unless Plaintiff signs a release of claims.

65.     The contract between Plaintiff and Defendants does not require Plaintiff to sign a release of claims in order to receive severance pay.

66.     At the time of his termination, Plaintiff was making $300,000 per year.

67.     To date, Defendants have not paid Plaintiff $150,000 for the six (6) months of severance to which he has a contractual right.

68.     As a direct and proximate result of the discriminatory conduct of Defendants, Plaintiff has in the past incurred, and may in the future incur, a loss of earnings and/or earning capacity, loss of benefits, pain and suffering, embarrassment, humiliation, loss of self-esteem, mental anguish and loss of life's pleasures, the full extent of which is not known at this time.

69.     The conduct of Defendants, as set forth above, was willful and intentional.

70.     By failing to pay Plaintiff six (6) months of severance, Defendants breached its contract with Plaintiff and violated the Wage Payment and Collection.

71.     Plaintiff has suffered damages as a result of Defendants' breach.

### COUNT I – VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT

72.     Plaintiff incorporates herein by reference the above paragraphs as if set forth herein in their entirety.

73.     By committing the foregoing acts of discrimination against Plaintiff, Defendants have violated the ADEA.

74.     Said violations were willful and warrant the imposition of liquidated damages.

75.     As a direct and proximate result of Defendants' violation of the ADEA, Plaintiff has suffered the damages and losses set forth herein and has incurred attorney's fees and costs.

76.     Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendants' discriminatory acts unless and until this Court grants the relief requested herein.

77.     No previous application has been made for the relief requested herein.

### COUNT II – VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT

78.     Plaintiff incorporates herein by reference the above paragraphs as if set forth herein in their entirety.

79.     Defendants, by the above improper and discriminatory acts, have violated the PHRA.

80.     As a direct and proximate result of Defendants' violation of the PHRA, Plaintiff has sustained the injuries, damages, and losses set forth herein.

81.     Plaintiff has incurred and is entitled to all costs and attorneys' fees incurred as a result of the unlawful behavior complained of herein.

82.     Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendants' discriminatory acts unless and until this Court grants the relief requested herein.

83.     No previous application has been made for the relief requested herein.

## COUNT III – BREACH OF CONTRACT

84.     Plaintiff incorporates herein by reference the above paragraphs as if set forth herein in their entirety.

85.     In consideration for his employment and performance with Defendants, Plaintiff earned the benefit of the full value of the contract for severance.

86.     By terminating Plaintiff's employment and failing to pay him the contractually obligated six (6) months of severance, Defendants breached the contract.

87.     As a direct and proximate result of Defendants' breach, Plaintiff has suffered the loss of his severance, which remains due to him.

88.     Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendants' acts unless and until this Court grants the relief requested herein.

89.     No previous application has been made for the relief requested herein.

## COUNT IV – VIOLATION OF THE WAGE PAYMENT AND COLLECTION LAW

90.     Plaintiff incorporates herein by reference the above paragraphs as if set forth herein in their entirety.

91.     Plaintiff's severance constitutes earnings and/or wages of an employee as defined by Pa. C.S. §260.1 et seq.

92.     In consideration for his employment and performance with Defendants, Plaintiff earned the full value of the contract.

93.     Upon Plaintiff's termination, the severance became due and owing within thirty (30) days of the regular payday, but Defendants wrongfully withheld, and continue to withhold, payment.

94.     In denying payment of the severance to Plaintiff, Defendants have violated the Wage Payment and Collection Law, and that sum is due and owing.

95.     There is no good faith dispute that the severance is owed to Plaintiff.

96.     Plaintiff is entitled to recover liquidated damages against Defendants under Section 260.10 of the Wage Payment and Collection Law.

97.     In addition, Plaintiff is entitled to recover reasonable attorneys' fees and costs as a result of Defendants' violation of the Wage Payment and Collection law.

98.     No previous application has been made for the relief requested herein.

## **RELIEF**

WHEREFORE, Plaintiff seeks damages and legal and equitable relief in connection with Defendants' improper conduct, and specifically prays that the Court grant the following relief to the Plaintiff by:

(a)     declaring the acts and practices complained of herein to be in violation of the ADEA;

(b)     declaring the acts and practices complained of herein to be in violation of the PHRA;

(c)     declaring the acts and practices complained of herein to be in breach of contract;

(d)     declaring the acts and practices complained of herein to be in violation of the WPCL;

(e)     enjoining and permanently restraining the violations alleged herein;

(f)     entering judgment against the Defendants and in favor of the Plaintiff in an amount to be determined;

(g)     awarding compensatory damages to make the Plaintiff whole for all lost earnings, earning capacity and benefits, past and future, which Plaintiff has suffered or may suffer as a result of Defendants' improper conduct;

(h)     awarding compensatory damages to Plaintiff for past and future pain and suffering, emotional upset, mental anguish, humiliation, and loss of life's pleasures, which Plaintiff has suffered or may suffer as a result of Defendants' improper conduct;

(i)     awarding liquidated damages to Plaintiff under the ADEA and WPCL;

(j)     awarding damages to Plaintiff as a result of Defendants' breach of contract;

(k)     awarding Plaintiff such other damages as are appropriate under the ADEA, PHRA, and WPCL;

(l)     awarding Plaintiff the costs of suit, expert fees and other disbursements, and attorneys' fees; and,

(m)     granting such other and further relief as this Court may deem just, proper, or equitable including other equitable and injunctive relief providing restitution for past violations and preventing future violations.

**CONSOLE MATTIACCI LAW LLC**

Dated:  October 01, 2020          BY:     */s/Jacqueline Joan Ryan*_____
                                          Stephen G. Console, Esq. (36656)
                                          Laura C. Mattiacci, Esq. (89643)
                                          Jacqueline Joan Ryan, Esq. (320640)
                                          1525 Locust Street, 9th Floor
                                          Philadelphia, PA 19102
                                          (215) 545-7676

                                          *Attorneys for Plaintiff,*
                                          *Louis N. Marks*

# EXHIBIT 1

COMMONWEALTH OF PENNSYLVANIA
GOVERNOR'S OFFICE
PENNSYLVANIA HUMAN RELATIONS COMMISSION

## **COMPLAINT**

| | |
|---|---|
| COMPLAINANT: | : |
| | : |
| **LOUIS N. MARKS** | : |
| | : |
| v. | : |
| | : |
| RESPONDENTS: | : |
| | : |
| **SPX CORPORATION** | : |
| | : |
| and | : |
| | : |
| **CUES, INC.** | : |
| | : |
| and | : |
| | : |
| **JOHN SWANN, aider and abettor** | : |
| | : |
| and | : |
| | : |
| **CANDIE RUSSELL, aider and abettor** | : |

Docket No.

1. The Complainant herein is:

    Name:                          Louis N. Marks

    Address:                       ████████████████

2. The Respondents herein are:

    Name:                          SPX Corporation ("Respondent SPX"); CUES, Inc.
                                   ("Respondent CUES"); John Swann ("Respondent
                                   Swann"), aider and abettor; Candie Russell
                                   ("Respondent Russell")

Address of Respondent SPX:          133220-A Ballantyne Corporate Place
                                    Charlotte, NC 28277

Address of Respondent CUES:         3600 Rio Vista Avenue
                                    Orlando FL, 32805

3. I, <u>Louis N. Marks</u>, the Complainant herein, allege that I was subjected to unlawful

discrimination because of my age (74) as set forth below.

**Discrimination**

**A. I specifically allege:**

[1]        I was hired by Respondent CUES as Vice President and General Counsel

on or about January 1, 2016.

[2]        Prior to being hired by Respondent CUES, I worked as outside counsel for

Respondent CUES since in or about January 2010.

[3]        I consistently performed my job duties in a highly competent manner, and

received positive feedback.

[4]        I am age seventy-four (74), and my birth date is October 3, 1944.

[5]        I worked out of my home office in Wynnewood, Pennsylvania.

[6]        I held the position of Vice President and General Counsel of Respondent

CUES.

[7]        I reported to Alexander Milley (67[1]), President and Chief Executive

Officer of Respondent CUES.  To my knowledge and belief, Milley reported to Respondent John

Swann (48), President of Weil-McLain, Marley Engineered Products and Radiodetection of

Respondent SPX.

[8]        In or about June 2018, Respondent CUES was purchased by Respondent

SPX.

---

[1] All ages herein are approximations.

[9]     To my knowledge and belief, I was the oldest employee at Respondent SPX and Respondent CUES.

[10]    Respondent SPX and Respondent CUES excluded me form certain communications and meetings related to my job duties.

[11]    Milley told me that he wanted to be a witness if and when Respondent SPX terminated my employment because I would have "one hell of an age discrimination case."

[12]    In January 2019, Respondent SPX and Respondent CUES failed to give me a salary increase despite my outstanding performance review.  Milley apologized to me that I was not given a salary increase, as the majority of other employees, particularly those with outstanding performance reviews, received a salary increase.

[13]    I was not given a salary increase because of my age.

[14]    Milley routinely told me that I was performing at an "exceptionally high level" and doing an "outstanding job."

[15]    On July 12, 2019, in a phone call with Respondent Swann and Respondent Candie Russell (45), Vice President, Human Resources, my employment was terminated, effective immediately.  I was blindsided.  The stated reason was that my position did not "fit structurally" within the business.  Respondent Swann stated that Milley was not part of the phone call because he disagreed with the decision to terminate my employment.

[16]    Respondents' stated reason for my termination is pretext.

[17]    Respondents terminated my employment because of my age.

[18]    Before the termination meeting, I had no indication that my job was in jeopardy or my employment would be terminated.

[19]     To my knowledge and belief, I was the only employees at Respondent CUES and Respondent SPX that was terminated on July 12, 2019.

[20]     To my knowledge and belief, all other employees at Respondent CUES and Respondent SPX were retained, all of whom, to my knowledge and belief, are younger, if not substantially younger, than me.

[21]     Respondents failed to provide me with any explanation, including the criteria, as to how my position did not "fit structurally" within Respondent CUES' and Respondent SPX's business and why younger employees were retained.

[22]     I had no opportunity or option to remain employed with Respondent CUES and/or Respondent SPX.

[23]     I had no performance or disciplinary issues at any time throughout my employment with Respondent CUES and/or Respondent SPX.

[24]     On July 12, 2019, following my termination, in a phone call with Milley. I asked him what was going on.  Milley sounded as though he was almost in tears, and stated that he was concerned about me, that he felt "dirty," that he would "take care of [me]," and that he was sad that we would not be working together any longer.  Milley told me that he was against the decision to terminate my employment, that he was not allowed to call me to warn me before the termination meeting, and that he was told that I would be terminated despite his objection. Milley stated that my termination was disruptive to Respondent CUES, that executives and employees liked and respected me and my work, and that I had improved Respondent CUES' business.

[25]     On July 12, 2019, following my termination, Respondents sent out a letter, signed by John Nurkin (48), Vice President, General Counsel and Secretary of Respondent SPX,

entitled "Organizational Announcement – Legal Team," stating the following: "[W]e are making some changes within our Legal function to reflect SPX's legal service operating model. Effective today, John Armstrong (Sr. Business Counsel) will provide legal support for CUES . . . . This change will allow CUES to receive dedicated legal support while also benefitting from the SPX Legal Team's initiatives to streamline processes and leverage best practices across SPX. . . . John will be an asset in assisting CUES. John first joined the SPX Legal Team in August 2017 . . . . In the weeks ahead, John will be working with [Alexander] Milley and the CUES team to transition into his expanded role."

[26]     Respondents replaced me with John Armstrong (45), Senior Business Counsel. I was more qualified and experienced to perform my job duties than the substantially younger employee with whom Respondents replaced me.

[27]     After my employment was terminated, Milley told me that, in his opinion, I had "one hell of an age discrimination case."

[28]     Respondents discriminated against me based on my age in terminating my employment.

[29]     Respondent Swann aided and abetted Respondent SPX and Respondent CUES in discriminating against me based on my age.

[30]     Respondent Russell aided and abetted Respondent SPX and Respondent CUES in discriminating against me based on my age.

**B.**  Based on the aforementioned, I allege that Respondents have discriminated against me because of my age (74), in violation of the Age Discrimination in Employment Act, as amended, 29 U.S.C. § 623 *et seq.* ("ADEA"), and the Pennsylvania Human Relations Act, as

amended, 43 P.S. § 951, *et seq.* ("PHRA"), and the Philadelphia Fair Practices Ordinance, Phila. Code § 9-1101, *et seq.* ("PFPO").

     4.     The allegations in Paragraph 3 hereof constitute unlawful discriminatory practices in violation of:

     **X**     **Pennsylvania Human Relations Act (Act of October 27, 1955, P.L. 744, as amended) Section 5 Subsection(s):  (a)**

     ____     Section 5.1 Subsection(s) _____

     ____     Section 5.2 Subsection(s) _____

     ____     Pennsylvania Fair Educational Opportunities Act (Act of July 17, 1961, P.L. 766, as amended) Section 4 Subsection(s) _____

     5.     Other action based upon the aforesaid allegations has been instituted by the Complainant in any court or before any other commission within the Commonwealth of Pennsylvania as follows:

     **X**     **This charge will be referred to the EEOC for the purpose of dual filing.**

     6.     The Complainant prays that Respondents be required to:

     (a) Make the Complainant whole.

     (b) Eliminate all unlawful discriminatory practice(s) and procedure(s).

     (c) Remedy the discriminatory effect of past practice(s) and procedure(s).

     (d) Take further affirmative action necessary and appropriate to remedy the violation complained of herein.

     (e) Provide such further relief as the Commission deems necessary and appropriate.

## VERIFICATION

I hereby verify that the statements contained in this complaint are true and correct to the best of my knowledge, information, and belief. I understand that false statements herein are made subject to the penalties of 18 P.A.C.A. Section 4904, relating to unsworn falsification to authorities.

September 26, 2019
(Date Signed)

(Signature)   Louis N. Marks
404 Wynmere Road
Wynnewood, PA 19096